UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05-CV-226-V

| TROY ALLEN LINGLE, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| DAVID MITCHELL, Superintendent of | ) | |
| Mountain View Correctional Institute, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner's "Motion for Reconsideration and Request for Oral Arguments" (Document No. 17) filed on July 17, 2007.[1]

### I. Factual and Procedural History

This Court relies on the facts as stated in its prior Order granting Respondent's Motion for Summary Judgment. (Doc. No. 11.) On November 30, 1989, Petitioner entered a guilty plea on two counts of first-degree kidnapping and seven counts of second-degree kidnapping. He received a sentence of presumptive sentences totaling eighty-seven years. Petitioner filed an appeal in the North Carolina Court of Appeals, which was dismissed, and filed a petition for writ of certiorari with that court, which was denied. On November 7, 2002, Petitioner filed a motion for appropriate relief (MAR) with the assistance of counsel. On October 8, 2003 Petitioner was granted a new trial on the basis of one of the claims brought in his MAR. Petitioner entered an

---

[1] While Petitioner does not specify the Rule under which he is bringing the instant Motion, this Court will assume that it is brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure rather than Rule 59(e) because it was not brought within ten days of the date of judgment.

Alford[2] plea of guilty to two counts of first-degree kidnapping and pled guilty to seven counts of second degree kidnapping. During sentencing, Petitioner's attorney objected to the admission of a letter from Petitioner's ex-wife which the prosecution attempted to enter into evidence, which was only considered by the presiding judge for the purpose of impeaching Petitioner on the stand. The Court sentenced Petitioner, with no comment on the letter, to two active, presumptive terms of twelve years for the two first-degree kidnapping counts and seven active, presumptive terms of nine years for the seven second-degree kidnapping counts.

On October 20, 2003, through counsel, Petitioner filed a second MAR in superior court alleging that the introduction of the disputed letter at sentencing violated his constitutional rights to due process and confrontation. On January 26, 2005, Petitioner's second MAR was denied. On April 22, 2005, Petitioner filed a petition for writ of certiorari with the North Carolina Court of Appeals which was denied on May 10, 2005. On July 15, 2005 Petitioner, through counsel, filed a habeas petition pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On December 5, 2007, this Court granted Respondent's Motion for Summary Judgment (Doc. No. 8), dismissing the case. (Doc. No. 11.) On July 17, 2008, Petitioner filed the instant Motion for Reconsideration.

## II. Analysis

Petitioner seeks to have this Court reconsider the claims he raised in his Motion to Vacate.[3] Petitioner is attempting to have this Court relitigate these claims directly attacking his

---

[2] North Carolina v. Alford, 400 U.S. 25 (1970) (concluding that "even if [defendant] is unwilling or unable to admit his participation in the actions constituting the crime" he can plead guilty).

[3] In Petitioner's own words, "Hereinafter, the [petitioner] both restates earlier arguments made to the Court and additional arguments in light of this Court's granting summary judgment." (Petitioner's Motion for Reconsideration at 1.) The arguments he makes "are essentially a restatement of the arguments presented by petitioner in his response to summary judgment and his submission of supplemental authority . . . filed in this Court relating to violations of due process of law." Id. at 22.

conviction and sentence. This is generally not permitted and is considered to be a successive petition. A successive petition is available only in limited circumstances. While Petitioner names his Motion a "Motion for Reconsideration," courts must not allow prisoners to circumvent the limited circumstances wherein relief may be available by attaching labels other than "successive application" to their pleadings. Calderon v. Thompson, 523 U.S. 538, 553 (1998). The Fourth Circuit has instructed that while there "may be no infalliable test" for distinguishing between a proper motion to reconsider and a successive petition, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition." United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (Petitioner's motion for reconsideration arguing that (1) the court erred in refusing to apply Apprendi retroactively, (2) his appellate lawyer provided ineffective assistance of counsel in failing to raise his Apprendi claims, and (3) his lawyer performed deficiently in failing to disclose that he had been imprisoned and disbarred, was a successive petition over which the district court had no jurisdiction).

Here, Petitioner is clearly attacking his sentence and conviction by reinstating and supplementing his original arguments. Therefore, this Court will construe his motion as a successive petition. The Antiterrorism and Effective Death Penalty Act requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claims in his motion to

reconsider because he failed to certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Motion to Reconsideration and Request for Oral Arguments" is **DENIED.**

**SO ORDERED.**

Signed: August 7, 2008

Richard L. Voorhees
United States District Judge